IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ISSAM ABDALLAH, ET AL. | § |
| | § |
| VS. | § CIVIL ACTION NO. 4:21-CV-540-O |
| | § |
| AMERICAN AIRLINES GROUP INC., ET AL. | § |
| | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR AWARD OF ATTORNEY'S FEES AND EXPERT FEES 'S, DEFENDANTS' BILL OF COSTS, AND PLAINTIFFS' RULE 11(C) MOTION FOR SANCTIONS**

Pending before the Court are several items: (1) Defendants Mesa Air Group, Inc and Mesa Airlines, Inc. (collectively referred to as the "Mesa Defendants")'s Motion for Award of Attorney's Fees and Expert Fees [doc. 110], filed June 28, 2022; (2) the Mesa Defendants' Bill of Costs [doc. 108], also filed June 28, 2022; and (3) Plaintiffs' Rule 11(c) Motion for Sanctions [doc. 122], filed July 27, 2022.

## I. BACKGROUND

On July 12, 2021, Plaintiffs filed an amended complaint [doc. 5], alleging Defendants violated 42 U.S.C. § 1981 and Title VI based on an incident that occurred while Plaintiffs were ticketed passengers on an American Airlines flight, operated by Defendant Mesa Air Group, Inc., from Birmingham-Shuttlesworth International Airport to Dallas/Fort Worth International Airport on September 14, 2019. Plaintiffs subsequently voluntarily dismissed their claims against Defendant American Airlines Group, Inc. [doc. 23] and their Title VI claim against the remaining Defendants [doc. 26]. Subsequently, in an order dated June 14, 2022, United States District Judge Reed O'Connor granted Defendant Mesa Airlines, Inc.'s Motion for Summary Judgment, finding that Defendants did not violate 42 U.S.C. § 1981 because Plaintiffs failed to show specific injuries caused by a racially motivated breach of contract and that, even if they could, Plaintiff could not

overcome the protection provided to airlines under 49 U.S.C. § 44902(b). In addition, Judge O'Connor found that Mesa Airlines, Inc. was entitled to immunity under 49 U.S.C. § 44941(a) for relaying of information to external agencies.

## II. MESA DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND EXPERT FEES

In their Motion for Award of Attorney's Fees and Expert Fees, the Mesa Defendants move for an award of partial attorneys' fees pursuant to Federal Rule of Civil Procedure ("Rule") 54(d) and 42 U.S.C. § 1988(b) in the amount of $218,299.50,[1] claiming that it is entitled to such fees because "Plaintiffs refused to acknowledge clear precedent and continued to pursue a groundless, meritless, unreasonable, and frivolous action well-after it became clear that they, legally and factually, should not continue." (Mesa Defendants' Motion for Award of Attorneys' Fees and Expert Fees ("Mesa Defs.' Mot. for Attorneys' Fees") at 1-2, 5.) The Mesa Defendants argue, *inter alia*, that, from the beginning of the lawsuit, "Plaintiffs have known that the at-issue flight was deplaned due to passenger and crew complaints" and that "there were passenger and crew complaints about Plaintiffs' suspicious behaviors." (*Id.* at 2.) The Mesa Defendants also claim that "Plaintiffs knew about the legal elements related to both their §1981 claim and Mesa's relevant immunities" but continued to pursue this lawsuit, even after the Mesa Defendants made a $14,000 Offer of Judgment to Plaintiffs on January 11, 2022. (*Id.* at 4-5.) As to their claim for expert fees, the Mesa Defendants seek recovery of expert fees for their expert, Jeff Price ("Price"),[2] in the amount of $5,379.17 pursuant to Rule 45(d), Rule 26(b)(4)(E) and 42 U.S.C. § 1988(c). (Mesa

---

[1] This is the amount that, according to the Mesa Defendants, accrued from January 11, 2022, when the Mesa Defendants made their first Offer of Judgment to Plaintiffs, through the grant of Mesa's motion for summary judgment on June 14, 2022.

[2] According to Price he was "retained by the Defendants Mesa Air Group, Inc. and Mesa Airlines, Inc. . . . to be an aviation-related safety and security expert in [this case]." (Mesa Defendants' Appendix in Support of Motion for Award of Attorney's Fees and Expert Fees at 78.)

Defs.' Mot. for Attorneys' Fees at 6-7; Mesa Defendants' Reply in Support of Its Motion for Award of Attorneys' Fees and Expert Fees at 6-7.)

In Plaintiffs' Omnibus Opposition to Mesa's Motion for Fees and Costs and Bill of Costs ("Plaintiffs' Response"), Plaintiffs, as to the Mesa Defendants' request for attorney's fees, claim that their case was neither frivolous nor brought in bad faith. (Plaintiffs' Response ("Pls.' Resp.") at 3-8.) Specifically, Plaintiffs argue that their case "is not frivolous merely because the district court rejected it" and that they are appealing Judge O'Connor's order granting summary judgment in favor of the Mesa Defendants. (Pls.' Resp. at 3-5.) In addition, Plaintiffs claim that Mesa Defendants' own litigation conduct shows that they did not believe Plaintiffs' positions to be frivolous for three reasons. First, Plaintiffs argue that, if the Mesa Defendants thought the Plaintiffs' lawsuit was frivolous, the Mesa Defendants, at the time of their first Offer of Judgment to Plaintiffs, would have threatened some "Rule 11-type" sanctions and not have continued to litigate the case "with full force and effect." (Pls.' Resp. at 5-6.) Second, Plaintiffs claim that the Mesa Defendants' behavior in opposing Plaintiffs' motion to stay trial so that the Court could first resolve the pending Motion for Summary Judgment does not show that the Mesa Defendants thought Plaintiffs' case was frivolous. (Pls.' Resp. at 6.) Third, Plaintiffs argue that the Mesa Defendants making a second Rule 68 Offer of Judgment after the motion for summary judgment had been fully briefed and most of the trial preparation had concluded also shows that the Mesa Defendants did not believe the Plaintiffs' case was frivolous. (Pls.' Resp. at 6-7.)

As to the Mesa Defendants' claim for expert fees, Plaintiffs claim that such fees should not be awarded because, pursuant to Rule 26(b)(4)(E), this would result in manifest injustice to Plaintiffs for the following reasons: "(1) because this case involved Plaintiffs' sincere, good-faith attempts, represented by a civil rights organization, to enforce Plaintiffs' civil rights, and (2) because the expert witness did not produce a meaningful report and because the expert report

3

expressly disclaimed consideration of the very question before the Court, *see* Dkt. 86." (Pl.'s Resp. at 10-11.) Plaintiffs further claim that, to the extent Rule 26(b)(4)(E) is applicable here, most of the expert fees the Mesa Defendants are requesting are beyond the scope of the rule as the rule only applies to time spent "responding to discovery" and not to "preparation that does not benefit the deposing party." (Pl.'s Resp. at 11.) Specifically, Plaintiffs claim:

> Mesa seeks $1520 in expert costs for the expert's review of depositions in April 20-22. Although what depositions are reviewed is not listed on the spreadsheet, one can easily tell these are multiple depositions because the expert has two different reviews listed on April 21. But Price's deposition was March 15, and the transcript for his own deposition was produced in final form on March 30.
>
> So what is this review for? On April 22, Mesa filed a supplemental expert disclosure. The timing makes clear that it was in preparation of that supplemental report that Price's time from April 20-22 was spent. That is not responding to any discovery and is not compensable. Indeed, it was fundamentally improper to imply these were covered expenses without disclosing their true purpose. Plaintiffs should not have to be detectives to determine what costs are not actually compensable. And it further raises questions about how much of Mesa's fee request would be reasonable had fees been awardable in this case.

(Pls.' Resp. at 11 (internal citations omitted).) Plaintiffs also claim that, pursuant to *Aspen Specialty Insurance Company v. Yin Investments USA, LP*, No. 6:20-cv-00153, 2021 WL 4170622, at *2 (E.D. Tex. Aug. 4, 2021), "[t]he expert's 4 hours travelling to Mesa's counsel's office for deposition prep is not compensable" and neither "is the time scheduling that meeting." (*Id.* at 12.) Plaintiffs claim that the only time spent that is compensable is the seven-hour deposition of Price at a cost of $2450 and the 1.57 hours of prep the expert undertook for the deposition at a cost of 391.67, for a total cost of $2841.67 in expert deposition costs.

A. **Attorney's Fees**

Under Rule 54(d), a prevailing party is entitled to recover its costs, which does not include attorney's fees. Fed. R. Civ. P. 54(d)(1). However, pursuant to 42 U.S.C. § 1988(b)[3] and relevant

---

[3] 42 U.S.C. § 1988(d) states, "In an action or proceeding to enforce a provision of section[ ] 1981 . . . of this

4

case law, in a case such as this one that includes a claim under 42 U.S.C. §1981, a prevailing defendant "may recover attorney's fees from the plaintiff only if the court finds that the action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Merced v. City of Euless*, No. 4:06-CV-891-A, 2008 WL 1848451, at *1 (N.D. Tex. Apr. 23, 2008). In other words, "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation." *Id.* "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for assessment of fees." *Id.* "Although cases decided in favor of the defendant on summary judgment are typical 'frivolity' cases, an award of summary judgment does not, by itself, entitle the defendants to costs and attorney's fees." *Pisharodi v. Valley Baptist Med. Ctr.*, 393 F. Supp. 2d 561, 578 (S.D. Tex. 2005). "Courts are 'reluctant to award fees unless the plaintiffs refused to acknowledge clear precedent or asserted a claim which was based knowingly on a nonexistent interest.'" *Id.* (quoting *Boler v. Space Gateway Support Co.*, 290 F. Supp. 2d 1272, 1280 (M.D. Fla. 2003)).

After reviewing the parties' arguments, the order granting summary judgment, and all relevant filings in this case, this Court **FINDS** and **CONCLUDES** that this action was not frivolous, unreasonable, or without foundation. While the Court ultimately determined that summary judgment in favor of the Mesa Defendants was appropriate, the Court finds that, based on the procedural and factual history of this case and the filings made by both parties, Plaintiffs did not refuse to acknowledge precedent or assertions of interests which Plaintiffs knew were nonexistent and Plaintiffs' case was not frivolous, unreasonable, or without foundation. Consequently, the Mesa Defendants' motion for attorney's fees should be **DENIED**.

---

title, . . . the court, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(d).

**B.    Expert Fees**

Rule 26(b)(4)(E) states that, "unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)[4] or (D);[5] and (ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions."[6] Fed. R. Civ. P. 26(b)(4)(E); *see Aspen Spec. Ins., Co.*, 2021 WL 4170622, at *1. "Undergirding that rule is the rationale that the party who deposes the opposing party's expert gets a benefit from the opportunity to depose the expert, so the deposing party should not be allowed to impose the cost of that benefit onto the party that retained the expert." *Id.* Courts have generally found that time spent by the expert in preparation for the deposition as well as cost of the expert's travel to and from the deposition are generally compensable under Rule 26(b)(4)(E) to the extent such costs reasonable. *Id.* "But where time billed does not accrue to the benefit of the deposing party, it is not compensable under Rule 26." *Id.* Thus, "any time or expenses billed in relation to [the expert's] travel to and from [the retaining party's attorney's office and deposition preparation for instructions about how to handle questioning by opposing counsel] is not compensable under Rule 26(b)" and "[a]ny time spent scheduling such meetings is similarly non-compensable." *Aspen Spec. Ins. Co.*, 2021 WL 4170622, at *2 (holding that time or expenses billed in relation to

---

[4] Rule 26(b)(4)(A), which relates to the deposition of an expert who may testify, states, as relevant here, "A party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A).

[5] Rule 26(b)(4)(D), which relates to an expert employed only for trial preparation, states, as relevant here, "Ordinarily, a party may not by interrogatories or deposition, discovery facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. Fed. R. Civ. P. 26(b)(4)(D).

[6] Also, as set forth above, under Rule 54(d), a prevailing party is entitled to recover its costs. In addition, 42 U.S.C. § 1988(c) states that "the court, in its discretion, may include expert fees as part of the attorney fee" awarded to the prevailing party in a § 1981 claim. 42 U.S.C. § 1988(c).

an expert's travel to and from office of counsel of the party that hired the expert, the expert's deposition preparation meetings with such counsel, or time billed prior to when expert received a notice of deposition was not compensable under Rule 26(b)(4)(E)(i)).[7]

As set forth above, the Mesa Defendants seek to recover $5,379.17[8] for costs allegedly associated with Plaintiffs' deposition of the Mesa Defendants' expert, Price. Based on the law regarding recovery of expert fees set forth in the preceding paragraph, the Court **FINDS** and **CONCLUDES** that the $2,450 for the time Price spent being deposed by Plaintiffs as well as the $391.67 spent by Price in preparation for deposition, for **a total of $2841.67**, are reasonable costs recoverable by the Mesa Defendants under Rule 26(b)(4)(E) and that such costs are not manifestly unjust. The Court further **FINDS** and **CONCLUDES**, however, that the remaining expert expenses sought by the Mesa Defendants are not recoverable because such expenses either include time that is not generally compensable under Rule 26(b)(4)(E) as time spent by Price responding to discovery and benefitting Plaintiffs or were expenses not clearly identified by Price and the Mesa Defendants so as to be compensable under Rule 26(b)(4)(E). Consequently, the Mesa

---

[7] *See Thorne v. United Pac. Corp.*, No. 1:15-CV-561-RP, 2018 WL 11422083 (W.D. Tex. Sept. 27, 2018) ("The Court agrees that Defendants are not entitled to recover fees for time its experts spent preparing for depositions with Defendants' counsel."); *Script Sec. Sols., LLC v. Amazon.com, Inc.*, No. 2:15-CV-1030-WCB, 2016 WL 6649721, at *7 (E.D. Tex. Nov. 10, 2016) ("[T]he deposing party should not have to pay for the expert's time that is used for other purposes, such as trial preparation, education of the retaining party's attorney, or instruction to the expert about how to handle questioning by opposing counsel.").

[8] The request for $5,379.17 is broken down as follows:

(1) $2450 for Price's seven-hour deposition on March 15, 2022 with Plaintiffs' counsel and which, according to Plaintiff's counsel, was produced in final form on March 30, 2022 (Pls.' Resp. at 11));
(2) $1520.83 total for four entries ($375, $375, $375, $395.83) labeled as "Review deposition" from April 20 to April 22, 2022;
(3) $391.67 on March 14, 2022 for Price's review of his report and witness statements in preparation for deposition;
(4) $1000 on March 14, 2022 for Price's pre-deposition meeting with Mesa Defendant's counsel Bryan David, plus travel time; and
(5) $16.67 on March 11, 2022 for "Phone call to set up time for pre-deposition meeting."

(Mesa Defendants' Appendix in Support of Motion for Award of Attorney's Fees and Expert Fees at 80.)

Defendants' motion for expert fees should be **PARTIALLY GRANTED** and **PARTIALLY DENIED** as set forth above.

### III.   MESA DEFENDANTS' BILL OF COSTS

On June 28, 2022, the Mesa Defendants filed a Bill of Costs, seeking costs, pursuant to Rule 54(d)(1),[9] in the amount of $108.46 for copy expenses and $10,096.60 for stenographic and videotape deposition expenses, for a total amount of $10,205.06.[10] In Plaintiff's Response, they claim that the Court should deny or reduce the proposed bill of Costs because of the following reasons: (1) the Court has discretion to do so pursuant to Rule 54; (2) the printing costs were unreasonable given the ability of the Mesa Defendant's counsel to perform that work in house; and (3) the deposition transcripts "were all for witnesses which Mesa suggested it might call, and thus were not 'necessarily obtained for use in the case' under 28 U.S.C. § 1920(2)." (Pl.'s Resp. at 12-13.) In addition, Plaintiffs argue that, even if the Court were to otherwise tax costs, the following deposition costs are not taxable: (1) the additional costs of video transcripts for both Plaintiffs and

---

[9] Rule 54(d)(1) states:

> (1) *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to be the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1). In this case, the clerk did not tax the costs because Plaintiffs, in their Omnibus Opposition to Mesa's Motion for Fees and Costs and Bill of Costs filed on July 12, 2022, objected to the Mesa Defendants' Bill of Costs. While the Mesa Defendants object to Plaintiffs filing their objections in a response and not a separate motion and to the undersigned considering such objections because only the Mesa Defendants' Motion for Attorney's Fees and Expert Fees was referred to the undersigned, this matter is properly before the undersigned because it was subsequently referred to the undersigned on January 10, 2023.

[10] The Mesa Defendants attached invoices to their Bill of Costs showing that the claimed deposition expenses were for the written transcripts of the depositions of Plaintiff Alkhawaldeh; Plaintiff Abdallah; Diana Trujillo ("Trujillo"), a flight attendant; Chuck Campbell ("Campbell"), a Mesa Defendant employee; Harmon Hewitt ("Hewitt"), a former Mesa Defendant employee and captain of the subject flight; Kenley Brown ("Brown"), the Mesa Defendants' Corporate Representative; Price, one of the Mesa Defendants' designated expert witnesses; and the "Complaining Passenger" and the video transcripts of the depositions of Plaintiff Alkhawaldeh, Plaintiff Abdallah, and the "Complaining Passenger." (*See* Mesa Defs.' Reply to BOC at 4-5; Mesa Defendants' Appendix in Support of Bill of Costs at 8-20, David Declaration at 2.)

the Complaining Passenger, which "were not necessarily obtained for use in the case and is in any event not '[f]ees for printed or electronically recorded transcripts.'" (Pls.' Resp. at 13.)

In the Mesa Defendants' Reply in Support of Its Bill of Costs ("Mesa Defs.' Reply to BOC"), the Mesa Defendants, attaching the declaration of one of its counsel, Bryan S. David ("David Declaration"),[11] argue that all of Plaintiffs objections should be denied. As to the copying costs, the Mesa Defendants argue, *inter alia*, that Plaintiffs have not argued that such costs were unnecessary and, consequently, their objections should be overruled. (Mesa Defs.' Reply to BOC at 3.) In addition, the Mesa Defendants claim that "Plaintiffs are liable for the costs of copying regardless of whether the copying is done 'in house' or by a vendor." (*Id.*) As to the deposition costs, the Mesa Defendants argue, *inter alia*, that the Plaintiffs' objections should be overruled because the depositions at issue were either of the Plaintiffs and the Complaining Passenger, all whom were not under the Mesa Defendants' control, or were depositions noticed and taken by Plaintiffs. (Mesa Defs.' Reply to BOC at 3-4.) The Mesa Defendants also claim that "the depositions were 'reasonably necessary' as evidenced by the dispositive motion work, the trial motion work, deposition designations by the parties, and the trial witness lists for the parties." (Mesa Defs.' Reply to BOC at 4.)

The trial court has discretion to award Rule 54(d) costs to a prevailing Defendant and enjoys great latitude in choosing whether an award of costs is warranted. *Jones v. City of San Antonio*, 568 F.2d 1224, 1226 (5th Cir. 1978); *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337

---

[11] The David Declaration was attached to the Mesa Defendants' Appendix in Support of Reply in Support of Bill of Costs [doc. 120], which was filed on July 21, 2022. Because the David Declaration was missing page two (and paragraphs 4-7) of the three-page declaration, the Court, on July 12, 2023, sent an email to Ross Cunningham and Bryan David, the Mesa Defendants' counsel (and copying Plaintiffs' counsel Lena Masri and Justin Sadowsky), notifying them of this omission and requesting that they file an Amended David Declaration. Consequently, the Mesa Defendants field an Amended Appendix in Support of Reply in Support of Bill of Costs on July 12. However, the David Declaration attached to the Amended Appendix, once again, is missing page two of the three-page declaration. The Court will, consequently, assume that the Declaration was not intended to have a page two.

(5th Cir. 1981). A prevailing party may recover costs provided it demonstrates the costs were necessarily incurred for use in the case." *See, e.g., Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285-86 (5th Cir. 1991); *Op Art, Inc. v. B.I.G. Wholesalers, Inc.*, No. 3:03-CV-887-P, 2007 WL 9711536, at *2 (N.D. Tex. Jan. 23, 2007). Under Rule 54(d), there is a "strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc., v. August*, 450 U.S. 346, 352 (1981)). The presumption is rebuttable and the prevailing party seeking to recover costs bears the burden of proving the amount of the costs and their necessity. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *Versata Software, Inc. v. Zoho Corp.*, 2017 WL 11679769, 2017 WL 11679769, at *4 (W.D. Tex. Feb. 14, 2017).

Based on the foregoing, the Mesa Defendants are entitled to recover the costs that they have shown were necessarily incurred for use in the case and recoverable under 28 U.S.C. § 1920. As to the Mesa Defendants' request to recover $108.46 for copy expenses, 28 U.S.C. § 1920(4) states that a judge or clerk of any court of the United States may tax as costs "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Court **FINDS AND CONCLUDES** that, based on the arguments made by the Mesa Defendants, the receipts provided, and the David Declaration, the Mesa Defendants have shown that such copy expenses were necessarily incurred for use in the case and are, thus, recoverable. *See, e.g., Jacked Up, LLC v. Sara Lee*, No. 3:11-cv-3296-L, 2015 WL 10607574, at *3-4 (N.D. Tex. Sept. 2, 2015) (approving vendor invoices for copy costs and binders). Consequently, the Plaintiffs' objections to the copy expense should be **OVERRULED**.

As to the Mesa Defendants' request to recover $10,205.06[12] for stenographic and video deposition expenses, 28 U.S.C. § 1920(2) states that "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" may also be taxed as costs. 28 U.S.C. § 1920(2). Cases in the Northern District of Texas have construed this language to "indisputably authorize recovery of costs for video recordings of depositions" as well as for printed transcripts of depositions. *Segner as Tr. of PR liquidating Tr. v. Ruthen Oil & Gas, LLC*, No. 3:12-CV-1318-B, 2020 WL 230617, at *2 (N.D. Tex. Jan. 14, 2020). As to the expenses associated with the written transcripts of the depositions of both Plaintiffs, Trujillo,[13] Campbell, Hewitt, Brown, Price, and the Complaining Passenger, based on the arguments made by the Mesa Defendants, the receipts provided and the David Declaration, the Court **FINDS** and **CONCLUDES** that the Mesa Defendants have shown that such written deposition expenses were necessarily obtained for use in the case and are, thus, recoverable. Specifically, the Court notes that, with the exception of

---

[12] The costs of these depositions is broken down as follows:

Written Transcripts:
(1) $876.70 Written Transcript of Plaintiff Alkhawaldeh's Deposition
(2) $661.40 Written Transcript of Plaintiff Abdallah's Deposition
(3) $697.10 Written Transcript of Trujillo's Deposition
(4) $78.30 Written Transcript of Trujillo's Deposition (no show)
(5) $528.80 Written Transcript of Campbell's Deposition
(6) $1,125.85 Written Transcript of Hewitt's Deposition
(7) $1,785.90 Written Transcript of Brown's Deposition
(8) $1,241.30 Written Transcript of Price's Deposition
(9) $1,231.25 Written Transcript of Complaining Passenger
$8,226.60: Total Costs for Written Transcripts of Depositions

Video Transcripts:
(1) $587.50 Video Transcript of Plaintiff Alkhawaldeh's Deposition
(2) $500.00 Video Transcript of Plaintiff Abdallah's Deposition
(3) $782.50 Video Transcript of Complaining Passenger's Deposition
$1,870.00 Total Costs for Video Transcripts of Depositions

(*See* Mesa Defendants' Appendix in Support of Bill of Costs ("Mesa Defs.' App. in Supp. of BOC") at 8-20.

[13] The Court notes that there were two charges for the written transcripts of Trujillo, one for $697.10 and one for $78.30 for a "Statement on the Record." (Mesa Defs.' App. in Supp. of BOC at 13, 16.)

Plaintiffs and the Complaining Passenger, all other depositions at issue were noticed and taken by Plaintiffs and "[i]t is presumptively reasonable that a Defendant obtain copies of depositions noticed by Plaintiffs." *Murphy v. Verizon Commc'ns, Inc.*, No. 3:09-CV-2262-G, 2015 WL 1647371, at *2 (N.D. Tex. Apr. 13, 2015). Moreover, the Mesa Defendants' motion for summary judgment utilized the depositions of both plaintiffs, Brown, Trujillo, and Hewitt. (Mesa Defs.' Reply to BOC at 4-5; *see* Mesa Defendants' Appendix in Support of Motion for Summary Judgment [doc. 43].) *See Liberty Mut. Ins. Co. v. Gardere & Wynne*, No. 3-95-CV-1330-L, 2004 WL 691229, at *1 (stating that an exception to the general rule that a "party is not entitled to recover its costs for a copy of the deposition of a witness whom the party may call as its witness at trial" is "when the deposition testimony is used to support the party's motion for summary judgment"). In addition, between Plaintiffs' trial witness list and Mesa's trial witness list, every single deponent at issue was listed as a trial witness. (*See* docs. 91, 96.) Consequently, Plaintiffs' objections to this portion of the Bill of Costs should be **OVERRULED**.

As to the expenses associated with the additional video transcripts (in addition to the written transcripts set forth above) of the depositions of both Plaintiffs and the Complaining Passenger, "the Fifth Circuit affirmed [a district court's] decision not to award costs of both videography and written transcripts of the same deposition because the prevailing party failed to justify the necessity of the video recordings." *Robison v. Cont'l Cas. Co.*, No. 1:17-CV-508, 2022 WL 17882174, at *5 (E.D. Tex. July 13, 2022) (citing *Smith v. Chrysler Group, LLC*, No. 1:15-cv-218, 2017 WL 11630514, at *5 (E.D. Tex. Oct. 23, 2017) and *Smith v. Chrysler Grp., LLC*, 909 F.3d 744 (5th Cir. 2018)). In this case, the Mesa Defendants have not provided evidence justifying that these duplicative video transcripts of both Plaintiffs and the Complaining Passenger were necessarily incurred. Consequently, the Court **FINDS** and **CONCLUDES** that the Mesa Defendants have failed to show that the video transcripts were necessarily obtained for use in the

case and are, thus, recoverable. Thus, Plaintiffs' objections to this portion of the Bill of Costs should be **SUSTAINED**.

Consequently, based on the foregoing, Plaintiffs should be taxed a total of **$8335.06** in costs, which consists of $108.46 in copy expenses and $8,226.60 in total costs for written depositions.

### IV.    PLAINTIFFS' MOTION FOR RULE 11(c) SANCTIONS

In their Motion for Rule 11(c) Sanctions, Plaintiffs seek "$5,587 so far in sanctions" for, in essence, Defendants filing a motion for attorney fees "based on the supposed frivolousness and bad faith of Plaintiffs' claims." (Plaintiffs' Motion for Rule 11(c) Sanctions ("Pl.'s Mot. for Sanc.") at 1.) Plaintiffs claim that "Mesa's newfound frivolousness argument [in the Mesa Defendants' Motion for Award of Attorneys' Fees and Expert Fees] is inconsistent with Mesa's own conduct in this litigation (including taking additional discovery unnecessary for its supposedly-insurmountable arguments, refusing to consent to a motion to stay trial pending the outcome of its summary judgment motion, and making a second, higher offer of judgment during trial preparation)." (*Id.*) Plaintiffs claim that such actions by Defendants "proves that Mesa has no subjective believe that Plaintiffs' claims were frivolous" and request sanctions pursuant to the Mesa Defendants violating Rule 11(b)(1). (*Id.*)

The Mesa Defendants, in their response, state that Plaintiffs filed their Motion for Rule 11(c) Sanctions "as a tactical measure to scare Mesa out of seeking the fees and costs it is rightly entitled to under Federal law." (Mesa Defendants' Response to Plaintiffs' Motion for Sanctions at 1.) The Mesa Defendants assert that "Plaintiffs' motion epitomizes the evil of which they complain" and request that the Court deny Plaintiffs' motion and award the Mesa Defendants "reasonable expenses, including attorney's fees, incurred in responding to Plaintiffs' motion." (*Id.*)

Having carefully considered the motion, response, all relevant filings, and the case law, the Court **FINDS** and **CONCLUDES** that Plaintiffs' Motion for Rule 11(c) Sanctions should be **DENIED** as Plaintiffs have failed to show that such sanctions are warranted as required under Rule 11. While the Court recommends denial of the Mesa Defendants request for attorney's fees, as set forth above, the Court does not find that the Mesa Defendants motion was presented for any improper purpose or otherwise violated any provision set forth in Rule 11(b).

## V.   RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that (1) the Mesa Defendants' Motion for Award of Attorney's Fees and Expert Fees [doc. 110] be **PARTIALLY DENIED** in that the Mesa Defendants are not entitled to recover any attorney's fees and **PARTIALLY GRANTED** in that the Mesa Defendants are entitled to recover $2841.67 in expert expenses pursuant to Rule 26(b)((4)(E); (2) the Plaintiffs' objections to the Mesa Defendants' Bill of Costs [doc. 108] regarding the copy expenses and costs for the written transcripts of the depositions be **OVERRULED** and Plaintiffs' objections to the Mesa Defendants' Bill of Costs regarding the video transcripts of the depositions of both Plaintiffs and the Complaining Passenger be **SUSTAINED** and Plaintiffs' should be taxed a total of $8335.06 in costs, which consists of $108.46 in copy expenses and $8,226.60 in total costs for written depositions; and (3) Plaintiffs' Rule 11(c) Motion for Sanctions [doc. 122] be **DENIED**.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de*

*novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **January 31, 2023** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 17, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE